IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> JAMES WILLIAM WILSON, JR., <br><br> MAUREEN ANN WILSON, <br><br> Defendants. | CRIMINAL NO. DKC-21-360 |

**GOVERNMENT'S MOTION *IN LIMINE*
TO ADMIT TESTIMONY FROM CERTAIN WITNESSES**

The United States of America, by its undersigned counsel, submits this Motion *in Limine* to admit the testimony of certain witnesses discussed below.

**INTRODUCTION & FACTUAL BACKGROUND**

The substantive charges in the indictment relate to fraud committed on seven different life insurance companies. The conspiracy count is broader and includes more insureds and insurance companies. The Government initially planned to call representatives from three of these life insurance companies, John Hancock, AXA, and Nationwide, as well as an expert witness, Mary Kwei. The insurance company representatives would offer general information about their respective companies, and they would testify that the types of misrepresentations made by the defendant were material misrepresentations. Mary Kwei would offer similar testimony. The insurance company representatives would also testify about the exhibits related to their respective companies, all of which have been produced in discovery and are on the Government's Exhibit List.

During the Pretrial Conference, the Defendant contended that the Government could not prove its case unless it called representatives from each of the charged insurance companies.

Although the Government disagreed, the Government decided to call additional insurance company witnesses to provide the same testimony as the other witnesses. The Government identified three additional witnesses to testify on behalf of Fidelity & Guaranty Life Insurance, Midland National Life Insurance, and Lincoln Benefit Life Insurance. The Government is working to locate a witness for American General Life Insurance.

The Government disclosed the three new witnesses on Tuesday, January 7th. The defense responded that "We object to these late witnesses, to the extent the defense has not received any notice or discovery regarding their actual knowledge or factual testimony." On Wednesday, January 8, the Government emailed the following to opposing counsel, "The three witnesses referenced last evening are representatives of insurance companies. We expect them to testify generally about the materiality of the misrepresentations alleged in the indictment and we expect them to testify about the companies' respective documents that have been produced in discovery and that are on our exhibit list. We are working to locate one additional witness for American General Life." *See* Jan. 8, 2025 Email, attached as Exhibit 1. In the email, the Government also alerted the defense that it may need to call additional records custodians to certify business records. *Id.* It is unclear if the defense is continuing its objection as to these witnesses, and so the Government is filing this Motion in an abundance of caution.

As explained below, the Court should permit the testimony from these remaining witnesses. It is common for the parties' trial plans to change before and even during trial, and the defense has reserved the right to update its witness list during trial. The defendant has been on notice of the substance of their testimony through the indictment and the documents that were produced in discovery. For reference, the table below lists the relevant insurance companies, the counts in the indictment related to those companies, and the witness for each company.

| Insurance Company | Count(s) | Witness |
|---|---|---|
| American General Life Insurance Co. | 2 | TBD |
| Nationwide Life Insurance | 3, 4, 10, 11 | Alfred Fluharty |
| AXA Life Insurance | 5 | Robert Fitzpatrick |
| John Hancock | 6 | Kristen Pounds |
| Lincoln Benefit Life Insurance Co. | 7, 12, 13 | Val Munchez-van der Wagt |
| Midland Life Insurance Co. | 8 | Courtney Jacobson |
| Fidelity Guaranty Life Insurance | 9 | Robin Holicky |

As further explained below, the Government may seek to add additional record custodian from Bank of America, whose only role would be to authenticate bank records.

## LEGAL FRAMEWORK

"[P]re-trial disclosure of witness lists within the sound discretion of the trial court." *United States v. Fletcher*, 74 F.3d 49, 54 (4th Cir. 1996). "[S]uch exchanges are not mandatory." *Id.* "Only in a capital case is the government required to furnish a pretrial list of government witnesses." *United States v. Chase*, 372 F.2d 453, 466 (4th Cir. 1967); *accord United States v. Anderson*, 481 F.2d 685, 693 (4th Cir. 1973), *aff'd,* 417 U.S. 211 (1974).

## ARGUMENT

The Government should be permitted to call the additional witnesses identified above. Their testimony is relevant and admissible. Although the Government added the witnesses after it first produced its witness list, the witness list exchange was an agreement between the parties, and the Government has not violated any court order or federal rule by adding additional witnesses.

The Government also has no outstanding discovery obligations with respect to these new witnesses. All of the documents related to the insurance companies were produced in discovery, and the Government is not in possession of any Rule 16, *Brady*, *Jencks*, or *Giglio* with respect to these witnesses. The Government will produce interview reports for three new insurance company witnesses by tomorrow, January 10th.

The Defendant has also been on notice of the substance of the witnesses' testimony as early as the Indictment in September of 2021. The Indictment informs the Defendant in detail about the nature of the life insurance industry and the alleged material misrepresentations. None of the newly-disclosed witnesses have first-hand knowledge of facts relevant to the case; they will only be testifying as representatives of their respective organizations. The testimony from the newly-disclosed witnesses is also expected to be redundant of the other insurance company witnesses who have been disclosed. Relatedly, the defendant has designated an expert underwriter, who will testify as to the standards used by insurers to evaluate life insurance applications. The testimony from the Government's insurance witnesses is expected to be similar to the information that the defense has already been made aware of by their own expert.

The Defendant is also not prejudiced because, due to the weather delays, the defendant received more notice as to these new witnesses than he would have received as to the entirety of the Government's witness list if the trial had started on time. The Government first disclosed its witness list on Thursday, January 2nd for a trial that was scheduled to begin on Monday, January 6th. The Government disclosed the additional witnesses on Tuesday, January 7th for a trial that will not begin until Monday, January 13th. The Defendant has adequate notice of the witnesses in light of how the trial was otherwise scheduled to proceed.

Notably, the defendant has reserved the right to amend his witness list mid-trial. When the Government proposed that the parties exchange exhibits, exhibit lists, and witness lists before trial, the defense agreed but stated "the defense lists may change depending on how the trial proceeds." Similarly, when the Court's staff asked the parties if it was permissible to share witness lists with each other, the defense agreed, stating, "Yes. At this stage we have Don Brinks as witness. Other defense witnesses will depend on trial."

Trial plans and strategies evolve throughout the litigation. It is common for the Government to alter its strategy to address the defenses raised. And the defendant does not typically advise the Government of its defense strategy and so the Government often has to make adjustments to its trial plan just prior to, or during, trial. The defense plans to do the same.

Finally, the Government may call a witness from Bank of America to authenticate bank records. There is no prejudice to the defendant in allowing this testimony.

## CONCLUSION

WHEREFORE, the Court should grant the Government's motion an admit the testimony of the representatives of Midland, Fidelity, Lincoln Benefit, American General Life, and Bank of America. A proposed order is attached.

                                        Respectfully submitted,

                                        EREK L. BARRON
                                        United States Attorney

By:    /s/
           Matthew P. Phelps
           Philip Motsay
           Assistant United States Attorneys

           Shawn T. Noud
           Richard Kelley
           Trial Attorneys, Tax Division